■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SIMMONS, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered January 17, 1972, convicting him of robbery and grand larceny, both in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. In our opinion, the delay of almost four years between August, 1967, when felony informations were filed in the Court of Special Sessions of the City of Yonkers, and July, 1971, when appellant was returned from Clinton Prison to Westchester County for trial, was unreasonable as a matter of law and no good cause for the delay was established (*United States* v. *Marion,* 404 U. S. 307; *People* v. *Minicone,* 28 N Y 2d 279, 281, cert. den. 404 U. S. 853; *People* v. *Racassi,* 32 A D 2d 928; *People* v. *Boyd,* 37 A D 2d 582). Were we not dismissing the indictment, we would reverse and order a new trial based on the erroneous exclusion of a portion of the Duggan police report and the instruction to the jury that the lapse of four years between the commission of the robbery and the trial had nothing to do with the evaluation to be given by the jury of the identification testimony. Lastly, we agree with appellant and with the People that the sentencing court had discretion to make its sentence concurrent with the sentence appellant was then serving. Hopkins, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT L. SIMMONS, Appellant.— In a proceeding which this court regards as in the nature of *coram nobis,* defendant appeals from an order of the Supreme Court, Kings County, dated September 4, 1970, which denied the application " without prejudice to renewal in the county of defendant's detention." Order reversed, on the law, and proceeding remitted to Criminal Term for proceedings in accordance with the views herein set forth: On November 2, 1969, appellant was sentenced to an indefinite term of imprisonment under an indictment handed down in Queens County. On January 22, 1970 he was sentenced to the same concurrent indefinite term under an indictment charging crimes occurring prior to September 1, 1967. On May 25, 1970, defendant moved in Kings County for a resentence *nunc pro tunc* as of the date the Queens County sentence was imposed. The basis of the motion was that appellant was not being given jail time for the period between the two sentences and thus would be detained longer under the Kings County sentence than he would be under the Queens County sentence, even though they were both concurrent and had the same maximum and minimum periods. The Criminal Term declined to grant the motion on the theory that it had no power on a motion for resentence to determine whether State authorities had correctly computed appellant's jail time credit. The denial was without prejudice to renewal in the county of detention. At the outset, we must determine whether the order is appealable. Under section 517 of the Code of Criminal Procdure an order which denied a motion for resentence was not appealable. We have specifically held that an order denying a motion for jail time credit is not appealable (*People* v. *Perez,* 30 A D 2d 966, cert. den., 393 U. S. 1043). On the other hand, an

order denying a *coram nobis* application was expressly made appealable as of right (Code Crim. Pro., § 517, subd. 3). Although the motion by its terms is one for a resentence, where, as here, the facts are not disputed, the motion may be treated as one for the appropriate relief (*People* v. *Nagler*, 21 A D 2d 490, 495). In our view, the application, if read together with the sentence minutes, may be one for *coram nobis* relief. Accordingly, the order is appealable (Code Crim. Pro., § 517,. subd. 3). Originally, appellant was to be sentenced first in Kings County and then in Queens County. The Queens County Judge had promised to give appellant a sentence *not to exceed* the Kings County sentence and to run concurrently therewith. Instead, appellant was sentenced in Queens County and, thereafter, sentenced in Kings County. The court in Kings County was informed of the prior promise and, although not bound by it, did sentence appellant to the same concurrent term. Appellant claims, albeit by inference only, that he did not understand at the time of the Kings County sentence that his ultimate release date would be postponed because one sentence commenced to run after the other and because time spent in jail under the Queens sentence did not count as jail time in reduction of the Kings sentence (former Penal Law, § 2193; *People ex rel. Coates* v. *Martin*, 8 A D 2d 688; see, also, Penal Law, § 70.30; *Matter of Canada* v. *McGinnis*, 36 A D 2d 830, affd. 29 N Y 2d 853). We believe that this contention is a valid basis for *coram nobis* relief (*People* v. *Sullivan*, 276 App. Div. 1087). Accordingly, the proceeding should be remitted for a hearing on this issue. Hopkins, Acting P. J., Gulotta, Brennan and Benjamin, JJ., concur; Martuscello, J., dissents and votes to affirm, with the following memorandum: In my opinion, there is no evidence in the record to indicate that the sentencing court in Kings County made any promises to defendant which were not thereafter fulfilled. Any misunderstanding as to defendant's ultimate release date was caused solely by the fact that defendant was actually sentenced first in Queens County and thereafter was sentenced to a concurrent term of imprisonment in Kings County. If the Department of Correctional Services has illegally modified defendant's sentence, the remedy available to defendant is a proceeding pursuant to article 78 of the CPLR to review the computation by the prison authorities of his jail time or a habeas corpus proceeding at the county of detention at the appropriate time.